## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**NICKELAS NECESSITY BREWER**          **PETITIONER**
**ADC #116152**

**V.**        **NO. 3:17-CV-00341-BSM-JTR**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**        **RESPONDENT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Discussion

On November 6, 2017, Nickelas Necessity Brewer ("Brewer"), an Arkansas Department of Correction inmate incarcerated in the Bowie County Correctional Center in Texarkana, Texas, filed this Petition for a Writ of Habeas Corpus in the United States District Court for the Eastern District of Texas. *Doc. 1*. On December

28, 2017, the case was transferred to this Court.[1] *Doc. 8.* Because Brewer had not paid the $5.00 filing fee or filed a request to proceed *in forma pauperis*, the Court did not order service of the Petition.[2]

Instead, on January 5, 2018, the Court entered an Order giving Brewer until February 5, 2018, to either: (1) pay the $5.00 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis*. *Doc. 9 at 2.* The Court advised Brewer that if he failed "to timely and properly comply with this Order," his

---

[1]In his Petition, Brewer alleged that the ADC had improperly transferred him to the Bowie County Correctional Center. *Doc. 1.* The Court in the Eastern District of Texas concluded that, because Brewer's incarceration in Texas was due to an Arkansas state court conviction and not the result of any process issued by a Texas state court, the Petition would be more appropriately adjudicated in the Eastern District of Arkansas, the federal judicial district where he was convicted. *Docs. 5 & 7.*

Because Brewer is in custody pursuant to an Arkansas state conviction, the Court previously determined that the ADC Director is the correct Respondent even though Brewer's immediate physical custodian is in Texas. *Doc. 9.; see* Rule 2(a), Rules Governing § 2254 Cases in United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Wilkins v. Erickson,* 484 F.2d 969, 973 (8th Cir. 1973) ("Plainly South Dakota is acting only as an agent for Montana in caring for appellant pursuant to the contract between the two states[.] … It is a Montana judgment under attack, and Montana's Attorney General, not South Dakota's, must defend it."); BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1.95 (2017) (where a prisoner is convicted in one state but incarcerated in another, the "true custodian" is the official in the state whose conviction is being challenged) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S.484, 498-99 (1973)).

[2]*See* § 2254 Rule 3(a) (providing that a habeas petition "must be accompanied" by the applicable filing fee or "a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").

2

habeas action would "be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)."[3] *Id.*

Brewer failed to respond to the Court's January 5, 2018 Order.

On February 20, 2018, the Court entered a second Order giving Brewer an additional opportunity to comply with the Court's January 5 Order. *Doc. 10.* The Court's February 20 Order established a new deadline of March 6, 2018, for Brewer to comply.

Brewer failed to respond to the Court's February 20 Order.[4]

It is now March 13, 2018, and Brewer has not filed anything with this Court since his case was transferred here on December 28, 2017. He has ignored two Court Orders and deadlines directing him to either pay the filing fee or submit an

---

[3] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(Emphasis added.)

[4] A review of the electronic docket sheet for this case indicates that neither the January 5 nor February 20 Order was returned to the Court. Thus, there is no reason to believe that the Orders failed to reach Brewer. Even assuming that the Orders, for some reason, were not delivered to Brewer, dismissal would still be appropriate due to his failure to make sure that his mailing address is correct and/or to monitor the progress of the case.

Application to Proceed *In Forma Pauperis*. Thus, the record makes it clear that Brewer has violated his obligations under Local Rule 5.5(c)(2), ignored two Court Orders, and has failed to prosecute this action diligently.[5]

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this Petition for Writ of Habeas Corpus, *Doc. 1*, be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2).

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); § 2254 Rule 11(a).

Dated this 13th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5]Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for failure to prosecute or comply with court orders. *See* § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

4